**John E. BURD, Appellant,**

v.

**KING'S FOOD, INC., Appellee.**

Court of Appeals of Kentucky.

March 28, 1969.

Rehearing Denied June 20, 1969.

J. D. Raine, Raine & Zirkle, Louisville, for appellant.

Fielden Woodward, John P. Sandidge, Woodward, Hobson & Fulton, Louisville, for appellee.

WADDILL, Commissioner.

While appellant was in the course of making a delivery of goods for his employer he entered appellee's place of business pulling a loaded dollie through the rear door, took a step or two backwards and fell through an open trapdoor leading into the basement of the building. Appellant sued to recover $50,000.00 as damages, alleging that appellee had caused his injuries by negligently maintaining his

premises in a dangerous condition. At the close of the evidence offered in behalf of appellant, the trial court sustained appellee's motion for a peremptory instruction on the ground that appellant was contributorily negligent as a matter of law and entered judgment accordingly. The correctness of this ruling is challenged on this appeal.

Appellant, age sixty-three, had been employed by Paramount Foods as a route delivery man for approximately thirty-seven years. On the day of the accident he was scheduled to deliver some canned goods to appellee's place of business located in a one-story building that fronts on Taylor Boulevard in Louisville. Appellee operates a cafeteria in the front part of the building and uses the rear part of the building as a large kitchen. The basement is used as a storage area. A parking area is located immediately behind the building and, ordinarily, merchandise delivered to the building is hauled by truck to the parking lot and then taken into the building by way of the back door.

When appellant arrived at appellee's place of business he found other vehicles had almost blocked the rear entrance. He parked his truck and proceeded to load the merchandise he was supposed to deliver to appellee on a dollie (a two-wheel hand truck). With some maneuvering he was able to get his loaded dollie by the parked vehicles and entered appellee's building through the back door. He described the events leading to his injuries in this fashion:

"20 When you arrived at his place of business, just tell the jury what you did about attempting to move those goods into his place?

"A Well, his [appellee's] truck was back in the door there pretty close, and I went around on the right hand side of it and pushed my hand truck up in there and kind of tilted it over and I reached around and pulled the door open and set my foot against it to hold it, and pulled the hand truck in, and when I stepped back in there I went down in the basement."

The distance from the outside door of the building to the trapdoor was approximately thirty-four inches. Appellant admitted that he did not look into the building before entering it but if he had looked he could have seen the trapdoor and that it was open. However, he stated that he had been delivering goods to appellee's building for over ten years and did not know there was a trapdoor in this building.

At the time of appellant's accident an employee of appellee was in the cellar of this building getting some chairs to load into appellee's truck that was parked at the rear door. The manager of appellee's business recognized the danger in having the trapdoor open and unprotected and had provided a chain to enclose all sides of the area when the trapdoor was open. However, this chain had not been put in place to protect the open stairwell leading into the basement at the time appellant fell into it.

■■ We are unwilling to hold that appellant was contributorily negligent as a matter of law. He had frequently safely delivered merchandise to appellee's place of business through the back door and didn't know there was a trapdoor on the premises. At the time of his accident his attention was directed toward safely delivering the merchandise that had been entrusted to him. In the circumstances we believe the accident was expectable by an ordinary landlord. Appellant had a right to assume that the floor was reasonably safe to walk upon until he knew, or in the exercise of reasonable care ought to have known that it was not safe. He was not required to exercise special care but only ordinary care.

Testing appellant's conduct by the applicable principle of whether he used due care in the circumstances we hold that a question of fact was presented for the jury to determine. For a collection of pertinent

cases see, Annotation, 66 ALR2d, Sections 16, 17 and 18, Open Stairway or Trapdoor, Contributory Negligence, pages 405 to 431. The decisions relied upon by appellee are not controlling in this case. Therefore, we conclude that the trial court erred in granting judgment for the appellee.

The judgment is reversed with directions to set it aside and to grant appellant a new trial.

All concur except MONTGOMERY, C. J.